IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| LEVI B. MILLER, IV, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 1:25-cv-00795-SAG |
| MCDONOGH SCHOOL, INCORPORATED, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

Whereas, the parties have stipulated that certain discovery material be treated as confidential or highly confidential-attorneys' eyes only;

Whereas, to protect the confidentiality of certain information exchanged in discovery between Plaintiff and Defendant, McDonogh School, Inc. (each a "Party," and collectively, the "Parties") the Parties have stipulated and hereby agree as set forth below.

Accordingly, it is this __15__ day of _____May_____, 2025, by the United States District Court for the District of Maryland, **ORDERED**:

1.      **Scope of Protected Information**. In the course of discovery, the Parties may be required to produce information that constitutes, in whole or in part, protected information such as confidential information; financial or business plans or projections; proprietary business information, or other confidential research, development, financial, business or commercial information; personnel files or information; personal information about any Party to this lawsuit or employees (current or former) or board members (current or former) of any Party to this lawsuit; the personal information and any identifying information of any non-party; non-public incident

reports; executive committee selection; and any information regarding any Party or non-party not otherwise available to the public that is protected from disclosure by law, regulation, or contract.

2. **Designation of Protected Information.**

(a) Scope: This Order governs the production and handling of any protected information in this action. Any Party or non-party who produces protected information in this action may designate it as "confidential" or "highly confidential-attorneys' eyes only" consistent with the terms of this Order. "Designating Party" means the Party or non-party who so designates the protected information; "Receiving Party" means the Party or non-party to whom such information was produced or disclosed. Regardless of any designations made hereunder, the Designating Party is not otherwise restricted from use or disclosure of its protected information outside of this action.

(b) Application to Non-Parties: Before a non-party is given copies of designated information as permitted hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as Exhibit 1; if it fails to do so, the Parties to this action must resolve any such dispute before making disclosure of designated information as permitted hereunder to the non-party. If a non-party wishes to make designations hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as Exhibit 1.

(c) Timing and Provisional Protection: Designations may be made at any time. Generally, the Designating Party should designate information at the time of production or disclosure, including on the record during the taking of any testimony. If deposition testimony or deposition exhibits are designated confidential or attorneys eyes only, the designation shall be appended by the court reporter on the deposition transcript.

(d) <u>Manner of Designation</u>:  Information may be designated hereunder in any reasonable manner or method that notifies the Receiving Party of the designation and identifies with specificity the information to which the designation applies.  If made verbally, the Designating Party must promptly confirm in writing the designation.  Whenever possible, the Designating Party should stamp, affix, or embed a legend of "confidential" or "highly confidential-attorneys' eyes only" on each designated page of the document or electronic image, or when not practical (e.g., native files), include such a designation in the load file metadata for the designated document.

3. **Designation of Discovery Materials as Confidential**.  All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

(a) The designation of confidential information shall be made in accordance with paragraph 2(d) of this Order.  One who provides material may designate it as "confidential" only when such person in good faith believes it contains sensitive personal or commercial information as described in paragraph 1 of this Order.  A party shall not routinely designate material as "confidential" or "highly confidential-attorneys' eyes only" or make such a designation without reasonable inquiry to determine whether it qualifies for such designation.  In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential.  Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents.  There will be

3

no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(b)     Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives may be designated confidential in accordance with paragraph 2(c) of this Order. Any testimony which describes a document which has been designated as "confidential" as described above shall also be deemed to be designated as "confidential."

(c)     The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

   (i)     The Court and its personnel, and any appellate court in this litigation (subject to the terms of paragraph 5 of this Order);

   (ii)    Counsel of record for any Party and their employees who assist counsel of record and are informed of the duties hereunder;

   (iii)   The Parties, including their agents and employees who are assisting or have reason to know of this lawsuit, so long as each such agent or employee has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit 1;

   (iv)    Experts or consultants employed by the Parties or their counsel for purposes of this lawsuit, court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation so long as each such person has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit 1; and;

(v)     An Insurer of a party, including their agents and employees who are assisting or have reason to know of this lawsuit, so long as each such agent or employee has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit 1;

(vi)    Special masters, mediators, or other third parties retained by the parties for settlement purposes or resolution of discovery disputes or mediation; and

(vii)   Other witnesses or persons with the Designating Party's consent or by order of the Court.

(d)     Except as provided in subparagraph (c) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(f)     All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof shall be immediately affixed with the word "confidential" if that word does not already appear.

4.      **Highly Confidential-Attorneys' Eyes Only Information**.

(a) <u>Designated Material as Highly Confidential-Attorneys' Eyes Only</u>: Information or items that if disclosed to another Party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means may be designated highly confidential-attorneys' eyes only.  For example, this designation may be applied to non-public financial information of a Party used for business plans and marketing strategies; identifying information of any former students not a party to this action; identifying information of any parents or other family

or guardians of former students not a party to this action; information related to government or regulatory investigations; information constituting trade secrets; communications that constitute, incorporate, summarize, or reference any highly confidential-attorneys' eyes only information; and other information that if disclosed to a Party or non-party would create a substantial risk of serious harm. If a Receiving Party believes, in good faith, that information was inadvertently designated as highly confidential-attorneys' eyes only, and provides the Designating Party notice to that effect, if within fourteen (14) days of receiving such notice the Designating Party does not agree to reduce the designation to confidential, the Receiving Party may challenge the designation pursuant to the procedures outlined in paragraph 8 of this order.

(b) <u>Disclosure of Highly Confidential-Attorneys' Eyes Only Information</u>: a Receiving Party may disclose any information or item designated as "highly confidential-attorneys' eyes only" to:

(i) The Court and its personnel, and any appellate court in this litigation (subject to the terms of paragraph 6 of this Order);

(ii) Outside Counsel of Record for any Party in this Action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(iv) Experts or consultants employed by the Parties or their counsel for purposes of this lawsuit, court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation so long as each such person has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit 1; and;

6

(v) An Insurer of a party, including their agents and employees who are assisting or have reason to know of this lawsuit, so long as each such agent or employee has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit 1;

(vi) Special masters, mediators, or other third parties retained by the parties for settlement purposes or resolution of discovery disputes or mediation; and

(vii) Other witnesses or persons with the Designating Party's consent or by order of the Court.

5. **Limited Access/Use of Protected Information**. Information that is produced or exchanged in the course of this litigation and designated under this Order may be used solely for discovery, trial preparation, and trial of this litigation, evaluating and determining insurance coverage (if any) for same, as well as related settlement negotiations, and for no other purpose, without the written consent of the Designating Party. No designated information may be disclosed to any person except in accordance with the terms of this Order. All persons in possession of designated information agree to exercise reasonable care with regard to the custody, use, and storage of such information to ensure that its confidentiality is maintained. This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of any subpoena that seeks production or disclosure of any designated information and consulting with the Designating Party before responding to the subpoena. Any use or disclosure of Confidential or Attorneys' Eyes Only information in violation of the terms of this Order may subject the disclosing person or Party to sanctions

6. **Confidential or Highly Confidential-Attorneys' Eyes Only Information Filed with Court**. To the extent that any materials subject to this Confidentiality Order (or any pleading,

7

motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential or highly confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential or highly confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph 8 of this Confidentiality Order.

7. **Party Seeking Greater Protection Must Obtain Further Order**. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph (3) or (4) of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

8. **Challenging Designation of Confidentiality**. In the event that a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party. If such informal resolution is unsuccessful, the designation of confidentiality may be challenged upon motion. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions. Unless and until the challenge is resolved by the Parties or ruled upon by the Court, the designated information will remain protected under this Order.

9. **Claw-Back Requests**.

(a) <u>Failure to Make Designation</u>. If, at any time, a Party or non-party discovers that it produced or disclosed protected information without designation, it may promptly notify the Receiving Party and identify with particularity the information to be designated and the level of designation (the Claw-Back Notification). The Receiving Party may then request substitute production of the newly-designated information. Within thirty (30) days of receiving the Claw-Back Notification, the Receiving Party must (1) certify to the Designating Party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistent with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

(b) <u>Inadvertent or Unintentional Production of Privileged Information</u>. Inadvertent and/or unintentional disclosure of information subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s) or protection(s). Pursuant to Rule 502(d) of the Federal Rules of Evidence, the Court hereby orders that the attorney-client privilege or work product protection is not waived by disclosure connected with the above-referenced matter and any such disclosure is also not waived in any other Federal or State action or proceeding or in any arbitration. If, at any time, a Party discovers that it produced

information that it reasonably believes is subject to protection under the attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each Receiving Party of the claim for protection and the basis for it. Whenever possible, the Producing Party must produce substitute information that redacts the information subject to the claimed protection. The Receiving Party must thereupon comply as to the information subject to the claimed protection. The Parties must also meet and confer in good faith before seeking the Court's intervention to resolve any related dispute.

10.     **Protected Material Subpoenaed or Ordered Produced in Other Litigation**. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "confidential" or "highly confidential-attorneys' eyes only," that Party must:

(a)     Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     Promptly notify in writing the party who causes the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

(d)     If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "confidential" or "highly confidential-attorneys' eyes only" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden

and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

11.     **Unauthorized Disclosure of Protected Material**. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use reasonable efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit 1.

12.     **Duration**.  Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law

13.     **Return of Confidential Material and Highly Confidential-Attorneys Eyes Only Information at Conclusion of Litigation**. Within 90 days of the final disposition of the litigation, as set forth in paragraph 12 of this Order, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party.  If the parties so stipulate, the

material may be destroyed instead of being returned.  The Clerk of the Court may return to counsel for the parties or destroy any sealed material at the end of the litigation, including any appeals.

SO ORDERED, this \_\_\_\_\_15th\_\_\_\_\_ day of _____May_____, 2025.

_____/s/_____
Stephanie A. Gallagher, United States District Judge

# **EXHIBIT 1**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| _____, | * | |
| **Plaintiff** | * | |
| v. | * | Civil Action No.:_____ |
| _____, | * | |
| **Defendant** | * | |

\* \* \* \* \* \* \* \* \* \* \*

## **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned acknowledges having been provided with and having read this Protective Order in this matter ("Protective Order"). The undersigned further agrees he/she (i) is bound under the Protective Order, (ii) will comply with all of its provisions, and (iii) is subject to the jurisdiction of the Court for all purposes arising under the Protective Order, including enforcement of its terms.

Date:                                                By: _____
                                                            (Signature)


                                                         _____
                                                            (Print Name)